UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEE WARN SCOTT,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　Case No. 5:05-cv-265-Oc-10GRJ

WARDEN, F.C.C. COLEMAN, et al.,

    Defendants.

_____

## ORDER OF DISMISSAL

Plaintiff initiated this civil rights action as a *pro se* federal prisoner incarcerated at the Federal Correctional Complex in Coleman, Florida. The Complaint alleges that Plaintiff arrived at Coleman on May 12, 2005, and that the conditions of his confinement since that time amount to cruel and unusual punishment. The Plaintiff executed the Complaint on May 27, 2005. The Complaint does not allege that Plaintiff exhausted his administrative remedies with respect to his claims.

## Exhaustion

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e) to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted.

42 U.S.C. § 1997(e).

"Congress now has mandated exhaustion in section 1997e(a) and there is no longer discretion to waive the exhaustion requirement." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (finding that Congress has mandated exhaustion of administrative remedies, regardless of the relief offered through the administrative procedures).  In determining whether a plaintiff has exhausted his administrative remedies, a court does "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted." Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing Alexander, 159 F.3d 1326).

The Bureau of Prisons (BOP) makes available to its inmates a three level administrative remedy process if informal resolution procedures fail to achieve sufficient results.  The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated.  If the inmate's complaint is denied at the institutional level, he may appeal by filing a Regional Administrative Remedy Appeal with the Regional Office for the geographic region in which the inmate's institution of confinement is located.  (For an inmate at the Federal Correctional Complex in Coleman, Florida, this appeal would be filed with the Southeast Regional Office of the BOP in Atlanta, Georgia.)  Finally, if the Regional Office denies relief, the inmate can appeal that decision to the Office of

General Counsel via a Central Office Administrative Remedy Appeal.

In this case, Plaintiff has failed to allege that he exhausted his administrative remedies prior to filing suit, and inasmuch as he executed the Complaint approximately two weeks after arriving at Coleman it appears beyond a certainty that the claims raised in the Complaint have not been administratively exhausted. Plaintiff's case should not have been filed without first exhausting his available administrative remedies with respect to each issue and each Defendant.

Accordingly, the Complaint is **DISMISSED without prejudice.** The Clerk is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 14th day of July 2005.

UNITED STATES DISTRICT JUDGE

c: Lee Warn Scott